IN RE PETERSON ESTATE

PETERSON, Respondent v. PETERSON et al., Appellants

(94 N.W.2d 661)

(File No. 9730. Opinion filed February 13, 1959)

Rehearing denied March 16, 1959.

**Davenport, Evans, Hurwitz & Smith,** Sioux Falls, and **William B. Quigley,** Valentine, for Defendants and Appellants.

**Dudley R. Herman,** Gregory, for Plaintiff and Respondent.

PER CURIAM. Alfred H. Peterson, a rancher in Todd County, died September 28, 1956, at the age of 88 years. He was survived by four sons—Herman, Almer, Clarence, Arthur, and one daughter—Elva Huseman. An instrument purporting to be decedent's last will, dated June 25, 1956,

granted Herman the sum of $100. The remaining sizeable estate was left in approximately equal shares to the four other children. Herman contested probate of the will on the grounds that (1) decedent lacked testamentary capacity and (2) at the time of the execution of the will decedent was acting under the undue influence of the proponents Arthur Peterson, Elva Huseman, and Clarence Peterson. Although neither contestants nor proponents of the will, Almer Peterson and his wife testified in favor of the contestant.

At the trial in Circuit Court the issues were submitted to a jury which returned an advisory verdict in favor of contestant. The trial court entered findings of fact and conclusions of law to the effect that at the time of the execution of the will decedent was mentally incompetent and was acting under the undue influence of the proponents. The proponents appeal from the judgment cancelling the will.

The main issue on appeal is whether the evidence is sufficient to sustain the findings and conclusions of the trial court. Twenty-nine witnesses testified and the record is voluminous. It would serve no useful purpose to detail the same here. There is a substantial conflict in the evidence on the issues of mental competency and undue influence and the trial court resolved those conflicts in favor of contestant.

■■ It is a well settled rule of this Court that it is the primary function of the trial court to weigh the evidence and determine the credibility of the witnesses. Its findings will not be disturbed unless it appears from the record there is a clear preponderance of the evidence against them. In re Rowland's Estate, 70 S.D. 419, 18 N.W.2d 290. We are unable to conclude from a review of the record that the findings of the trial court are contrary to the clear preponderance of the evidence.

Furthermore, we find no error prejudicial to proponents in any of the rulings of the trial court relating to the admission of evidence.

The judgment of the trial court is affirmed.

All the Judges concur.